UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES W. BARRY, | ) | NO. CV 04-649-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | ) ) ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that the decision of the Commissioner of the Social Security Administration is reversed and the matter is remanded for the immediate calculation and payment of benefits.

**PROCEEDINGS**

Plaintiff filed a complaint on January 29, 2004, seeking review of the Commissioner's partial denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on February 25, 2004.

1

1       On June 2, 2004, the parties stipulated to a remand because
2  "the Commissioner is presently unable to locate the tape recording of
3  the hearing held which was held on June 23, 2003."  On July 25, 2006,
4  the parties stipulated to the reopening of the case.

6       Plaintiff filed a motion for summary judgment on September 12,
7  2006.  Defendant filed a cross-motion for summary judgment on
8  October 11, 2005.  The Court has taken both motions under submission
9  without oral argument.  See L.R. 7-15; "Order," filed February 5,
10 2004.

## BACKGROUND

14      In 1995, Plaintiff claimed disability beginning January 10,
15 1994, based primarily on alleged neck and back pain stemming from a
16 January 10, 1994 car accident (Administrative Record ("A.R.") 73, 135-
17 37, 245).  In 1996, an Administrative Law Judge ("ALJ") denied
18 benefits (A.R. 267-76).

20      In 1998, the Appeals Council remanded the case, directing
21 inter alia that the ALJ give further consideration to the opinions of
22 Plaintiff's treating physicians (A.R. 287-88).  Later in 1998, the ALJ
23 again denied benefits (A.R. 19-30).

25      In 2001, this Court reversed the 1998 decision in part and
26 remanded the case for further administrative proceedings (A.R. 581-
27 88).  The Court found that the ALJ had mischaracterized the record
28 (A.R. 586).  The Court also found that the ALJ erroneously had

rejected as inadequately explained the opinion of one of Plaintiff's treating physicians without attempting to inquire further of the physician (A.R. 584-85). The Court held that authorities such as Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) and section 404.1512(e) of 20 C.F.R. required further inquiry. Id. The Court also stated:

> A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician"). Even where the treating physician's opinions are contradicted, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citations and quotations omitted) (A.R. 584).

///
///
///
///
///
///
///

1  On remand, a new ALJ received additional medical evidence, including a 1999 residual functional capacity assessment by Dr. Daniel Farrier, one of Plaintiff's treating physicians (A.R. 605-06).[1] Dr. Farrier opined that Plaintiff was disabled from all employment. Id. Without attempting further inquiry of Dr. Farrier, the ALJ rejected this opinion, stating that the opinion was "inconsistent with the clinical findings of record and the other substantial medical opinion" (A.R. 440). The ALJ offered no other or more specific explanation for rejecting Dr. Farrier's opinion (A.R. 435-44). The ALJ found that Plaintiff was not disabled prior to February 26, 2003 (A.R. 432-44).[2]

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

---

[1] Defendant does not and cannot dispute the fact that Dr. Farrier qualifies as a "treating physician." See A.R. 698 (Plaintiff testified he saw Dr. Farrier "maybe three or four times"); Ghokassian v. Shalala, 41 F.3d 1300, 1303 (9th Cir. 1994) (physician who saw claimant only twice within a fourteen-month period qualified "without doubt" as a "treating physician"); see generally Benton ex rel. Benton v. Barnhart, 331 F.3d 1030 (9th Cir. 2003).

[2] As of February 26, 2003, Plaintiff's 55th birthday, the Grids direct a finding of disability (A.R. 442). The ALJ awarded benefits from this date forward (A.R. 442-43). This part of the administrative decision is not before the Court.

4

**DISCUSSION**

The Administration erred by rejecting Dr. Farrier's opinion without stating specific, legitimate reasons for doing so. See Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . ."). Moreover, the Administration also appeared to err (again) by rejecting a treating physician's opinion as allegedly inadequately supported without first attempting further inquiry of the physician. See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); 20 C.F.R. 404.1512(e).

Defendant argues that there exist various reasons, unspecified by the ALJ, that could justify the rejection of Dr. Farrier's opinion (Defendant's motion at 15-16). The Ninth Circuit has ruled that such arguments, however potentially persuasive, are not cognizable by the Court. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the

agency did not invoke in making its decision").

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); accord Moisa v. Barnhart, 367 F.3d 882, 886-88 (9th Cir. 2004). Improperly rejected medical opinion evidence, however, should be credited and an immediate award of benefits should be directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (citations and quotations omitted).

The present case satisfies all three of these conditions. As discussed above, the Administration failed to provide legally sufficient reasons for rejecting Dr. Farrier's opinion. It does not appear that there exist any outstanding issues that must be resolved before a determination of disability can be made. Dr. Farrier assessed Plaintiff's 1999 functional capacity at such a low level that the ALJ clearly would be required to find Plaintiff disabled at that time were Dr. Farrier's opinion credited. Because of the nature of Plaintiff's condition, it is virtually certain on this record that Plaintiff was not able to function at a significantly higher level in 1994-1998, or in 2000-2003, than the level at which he was able to

1 | function in 1999.  Therefore, Plaintiff is entitled to the immediate
2 | calculation and payment of benefits, from the January 10, 1994 alleged
3 | disability onset date through February 26, 2003.

5 | An immediate award of benefits in this protracted case is
6 | appropriate for another reason.  This Court previously remanded this
7 | case because of a similar error concerning the opinion of a treating
8 | physician.  In its prior Opinion, this Court cited the authorities
9 | that should govern consideration of the opinions of treating
10 | physicians.  On remand, the Administration rejected a treating
11 | physician's opinion without correctly applying these authorities.  The
12 | Court should not be required to provide the Administration with
13 | another opportunity to apply these authorities correctly.  Cf. Benecke
14 | v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the
15 | Commissioner to decide the issue again would create an unfair 'heads
16 | we win; tails, let's play again' system of disability benefits
17 | adjudication. . . .  Remanding a disability claim for further
18 | proceedings can delay much needed income for claimants who are unable
19 | to work and are entitled to benefits, often subjecting them to
20 | tremendous financial difficulties while awaiting the outcome of their
21 | appeals and proceedings on remand") (citations and quotations
22 | omitted).

24 | LET JUDGMENT BE ENTERED ACCORDINGLY.

26 | DATED: October 20, 2006.

27 | _____/S/_____
   |            CHARLES F. EICK
28 |       UNITED STATES MAGISTRATE JUDGE

7